IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN W. DEVILBISS, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00878-OLG |
| vs. | § § § | |
| MARSHA B. JACKSON, KRISTOPHER L. BOWEN JR., THE ESTATE OF MARJORIE J. BURCH, MAIDEN NAME: MARJORIE DELL JOHNSON, DECEASED; | § § § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed July 29, 2020 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on Defendants.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed but receives $987 per month from other sources, such as food stamps.  Plaintiff has only $181 in his bank accounts and owns no significant assets.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed complaint concerns an allegedly unlawful eviction and state court eviction proceedings.  (Compl. [#1-1].)   The proposed complaint names three Defendants—Marsha B. Jackson (the attorney who allegedly filed the petition for eviction in state court and signed and posted the notice terminating a right to occupancy); Kristopher L. Bowen, Jr. (another attorney allegedly involved in the state court eviction proceedings and who may have represented Plaintiff); and the Estate of Marjorie J. Burch (on whose behalf the eviction petition was allegedly filed).  Plaintiff claims that the petition for eviction was filed improperly and that the state court lacked

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

jurisdiction over the case; therefore, the eviction was obtained without due process.  Plaintiff also accuses Jackson of practicing law without a license, committing perjury to the court, and tampering with a witness.

There are several threshold issues the Court must resolve before permitting service of Plaintiff's proposed complaint on Defendants.  First, Plaintiff does not include any dates, precise or approximate, in his proposed complaint, as to when the eviction occurred and when the state court eviction proceeding began and ended.  However, Plaintiff cites to a four-year statute of limitations purportedly applicable to Texas claims regarding commercial fraud and fraudulent state court judgments.  Before allowing Plaintiff to proceed with his lawsuit, the Court must be sure that Plaintiff's case has been filed within the applicable statute of limitations.  Plaintiff states that he is bringing his claims pursuant to the United States Constitution for a violation of the First and Fourteenth Amendments.  Such claims are brought before this Court pursuant to 42 U.S.C. § 1983, which has a two-year statute of limitations.  *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018).

Second, Plaintiff's complaint suggests he might be attempting to challenge a state court judgment and the conduct of certain attorneys connected to the judgment through this action.  Such challenges are often barred by the *Rooker-Feldman* doctrine.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker-Feldman* doctrine establishes that a federal court

lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). However, the Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). Therefore, there are some circumstances in which a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by the defendant's actions rather than the state court judgment. *Id.*

Third, if Plaintiff is suing Defendants for a violation of his constitutional rights pursuant to Section 1983, his claims may be barred for another reason. Only state actors can be held liable under Section 1983. *See* 42 U.S.C. § 1983. The Defendants named in Plaintiff's proposed complaint appear to all be private actors, not government officials. However, there are some circumstances, albeit narrow ones, in which private parties may "fairly be said to be a state actor," where their conduct is chargeable to the State. *See Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 923, 936 (1982).

Finally, if Plaintiff is attempting to sue Defendants for a state law cause of action (as opposed to federal constitutional claims), it is unlikely that this Court has subject matter jurisdiction under the Court's diversity jurisdiction. Diversity jurisdiction requires complete diversity between Plaintiff and each Defendant. *See* 28 U.S.C. § 1332. Plaintiff's proposed complaint does not identify the citizenship of the Defendants. If any of the Defendants are citizens of the State of Texas, as Plaintiff presumably is, this lawsuit would need to be dismissed for lack of jurisdiction.

To clarify the factual allegations underlying Plaintiff's lawsuit, the Court will therefore order Plaintiff to file a more definite statement within 21 days of this Order to clarify his allegations against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before August 31, 2020)**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  In this More Definite Statement, Plaintiff should respond to the following questions:

(1)   Please provide approximate dates of the events referenced in this lawsuit.  When was the petition for eviction filed?  When was the state court judgment issued?  When were you actually evicted?

(2)   Please provide copies of the state court judgment referenced in your proposed complaint.  Please provide a copy of any opinions issued in reference to any appeal of the judgment.

(3)   Please clarify whether you are suing Defendants for violations of the Constitution and your civil rights (First and Fourteenth Amendments) under 42 U.S.C. § 1983 or are attempting to bring some other state-law cause of action (e.g., wrongful eviction).

(4) Please list each Defendant and explain how each Defendant caused you harm and deprived you of due process or other legal right?

(5) Please list the citizenship of each Defendant.

(6) For each Defendant, please explain whether they hold any sort of governmental position, for instance, a prosecutor.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2020.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 10th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE