IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN W. DEVILBISS, | § | |
| *Plaintiff,* | § § § | SA-20-CV-00878-OLG |
| vs. | § § | |
| MARSHA B. JACKSON, KRISTOPHER L. BOWENJR., THE ESTATE OF MARJORIE J. BURCH, MAIDEN NAME: MARJORIE DELL JOHNSON, DECEASED; | § § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed because it fails to state a claim upon which relief may be granted.

**I. Analysis**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim

should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On August 10, 2020, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in his proposed Complaint on or before August 31, 2020. The undersigned ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement.

Plaintiff timely filed a More Definite Statement on August 31, 2020 [#5]. Plaintiff's More Definite Statement complied with the Court's Order and provided the Court with the additional factual details requested and state court records pertaining to this lawsuit. Having reviewed Plaintiff's Complaint, More Definite Statement, and state court records, the undersigned concludes that this case is barred by the governing statute of limitations and therefore must be dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff's proposed complaint concerns an allegedly unlawful eviction and state court eviction proceedings. (Compl. [#1-1].) The proposed complaint names three Defendants— Marsha B. Jackson (the attorney who allegedly filed the petition for eviction in state court and signed and posted the notice terminating a right to occupancy); Kristopher L. Bowen, Jr. (another attorney allegedly involved in the state court eviction proceedings and who may have represented Plaintiff); and the Estate of Marjorie J. Burch (on whose behalf the eviction petition was allegedly filed). Plaintiff claims that the petition for eviction was filed improperly and that the state court lacked jurisdiction over the case; therefore, the eviction was obtained without due

process. Plaintiff also accuses Jackson of practicing law without a license, committing perjury to the court, and tampering with a witness.

Plaintiff's More Definite Statement provides the Court with important dates related to his eviction, as well as the state court records related to this lawsuit. These records reflect that Marjorie Burch filed a Petition for eviction against Plaintiff and his ex-wife, Susan DeVilbiss, in Bexar County on August 1, 2016 to recover possession of an apartment located at 209 W. Silver Sands in San Antonio, Texas owned by Burch. The DeVilbisses' lease for the condominium expired on November 1, 2015, and became a month-to-month lease. On May 15, 2016, Burch provided the DeVilbisses with notice that rent would be increasing on July 1, 2016. The DeVilbisses refused to pay the increased amount, which led to Burch filing the forcible detainer action in state court. Ms. DeVilbiss voluntarily vacated the condominium and ultimately reached a settlement with Burch. Judgment was entered against Plaintiff on October 11, 2016. The physical eviction of Plaintiff occurred from November 3, 2016 to November 10, 2016.

After several post-judgment motions filed by Plaintiff were denied and Plaintiff was ordered to pay Burch's attorney's fees as a sanction, Plaintiff appealed the judgment to the Fourth Court of Appeals. The Fourth Court of Appeals denied the majority of Plaintiff's issues on appeal as moot due to the fact that he had already vacated the premises. The only issue the appellate court found not to be mooted by the eviction was Plaintiff's appeal of the court's issuance of sanctions against him, but the court found this issue had been waived. The Supreme Court of Texas denied review on November 30, 2018.

Plaintiff also indicates in his More Definite Statement that his lawsuit is brought pursuant to 42 U.S.C. § 1983, not state law, and that the Court's subject matter jurisdiction is therefore based on federal-question jurisdiction, as all Defendants are citizens of the State of Texas.

3

As for the factual allegations underlying this case, Plaintiff's More Definite Statement complains of three primary issues: (1) the "dishonest" and "premature" filing of the state-court forcible detainer action by Defendant Jackson because Plaintiff had timely paid his rent (an argument that Plaintiff acknowledges he raised unsuccessfully at his state-court trial); (2) the filing of the forcible detainer action by someone not licensed to practice law; (3) the failure of law enforcement to provide him with more than 24-hour notice to vacate his condominium prior to eviction; (4) the failure of Defendant Bowen to register as a representative of Burch until 12 days after trial and Bowen's coercion of Ms. DeVilbiss into reaching a settlement. Plaintiff's More Definite Statement indicates that he filed a disciplinary complaint with the State Bar of Texas regarding Bowen's conduct, but the Bar found no violation of the disciplinary rules and dismissed the grievance.

Plaintiff states that his lawsuit is filed pursuant to 42 U.S.C. § 1983. Lawsuits brought under Section 1983 borrow their statute of limitations from the limitations period governing personal injury actions in the state in which the lawsuit is filed, here Texas. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). In Texas, the applicable limitations period is two years. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). The limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)).

Plaintiff's eviction and state court lawsuit related to his eviction occurred in 2016, almost four years before this lawsuit was filed on July 29, 2020. Plaintiff's lawsuit is barred by the governing statute of limitations. Any due process challenges regarding Plaintiff's 2016 eviction and 2016 forcible detainer trial must have been filed within two years of Plaintiff's alleged

injuries.  Plaintiff's More Definite Statement itself specifically acknowledges that Plaintiff raised several of the procedural issues identified in his pleadings with the state court or Texas Bar, thereby precluding any argument that he discovered his alleged injury at a later date.  The only indication in Plaintiff's More Definite Statement that he more recently discovered new information related to this lawsuit pertains to Plaintiff's allegation that the forcible detainer action was filed by Jackson, who did not have a license to practice law.  Plaintiff alleges in his More Definite Statement that he was not aware of this "illegal act" until the Spring of 2020 and that this act deprived the Court of subject matter jurisdiction over his case.

Even if Plaintiff were able to pursue this claim pursuant to Section 1983 and it was found to be timely, Plaintiff's lawsuit would still fail to state a claim upon which relief can be granted.  Plaintiff's lawsuit is a challenge to a state-court judgment and is therefore barred by the *Rooker-Feldman* doctrine.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).  However, the Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine is "narrow" and only applies when "the plaintiff seeks the review and rejection of a state court judgment."  *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014).  Therefore, there are some circumstances in which

a federal lawsuit would not be barred under *Rooker-Feldman*, such as where the alleged injuries were caused by something other than the state court judgment itself. *Id.* Plaintiff's claimed injury is his eviction resulting from a state-court forcible detainer action and the judgment against him. Whether Plaintiff is arguing that there was a procedural error at issue in the state-court trial or whether his eviction was not conducted in accordance with due process, he is asking this Court to vacate the state-court judgment. This is not the proper vehicle for Plaintiff to do so.

An additional bar to Plaintiff's Section 1983 action is that none of the named Defendants appear to be state actors. To state a claim under Section 1983, a plaintiff must allege facts tending to show that he has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The requirement that the deprivation occur under color of state law is also known as the "state action" requirement. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) ("[A] section 1983 plaintiff alleging the deprivation of Due Process under the Fourteenth Amendment must also show that state action caused his injury.") The Defendants named in this case are two attorneys involved in his eviction proceedings and the estate of his deceased landlord (although Plaintiff indicates in his More Definite Statement that he no longer wishes to pursue his claims against the estate). Although private parties may be considered state actors in rare circumstances, where the private actor is implementing government policy or the actions of the private party are fairly attributable to the government, Plaintiff has not alleged any facts to suggest either of these circumstances apply here. *See Randus v. City of Dall., Tex.*, 634 F.3d 309, 312 (5th Cir. 2011) (addressing exceptions to state-actor requirement).

Finally, the undersigned notes that Plaintiff asks the Court for further opportunity to amend his pleadings in his More Definite Statement. Plaintiff indicates that he is still waiting for public information from the Texas Real Estate Commission and the San Antonio Police Department that could support this Court's jurisdiction. The undersigned will issue this recommendation despite the request for further amendment due to the issues identified herein, which doom his claims against Defendants. Plaintiff will have an opportunity to raise any arguments in opposition to this recommendation during the objection period with the District Court.

Because Plaintiff's claims are barred by the governing statute of limitations and fail to state a claim upon which relief can be granted, Plaintiff's case should be dismissed pursuant to Section 1915(e).

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint and additional filings under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's Complaint be **DISMISSED**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing

objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE